UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRY D. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:07-CV-0556-AGF |
| JAMES NEWTON, et al., | ) | |
| Defendants. | ) | |

## MEMOARNDUM AND ORDER

This matter is before the Court on Defendants' motion for reconsideration of this Court's Order dated December 16, 2008, denying Defendants' motion for summary judgment. Defendants argue, as they did in support of their motion for summary judgment, that the record establishes as a matter of law that Plaintiff acted solely to rescue property of his employer from damage, and not to prevent harm to any persons. In support of this proposition, Defendants submit excerpts from Plaintiff's depositions that Defendants did not previously submit in support of their motion for summary judgment. This evidence was available to Defendants when they filed their motion for summary judgment, and nothing has transpired since in this case that explains why the new evidence could not have been presented previously with the motion for summary judgment.

As Defendants themselves recognize, reconsideration of the denial of a motion for summary judgment is appropriate to correct manifest errors of law or fact, to present

newly-discovered evidence, or where there has been a significant change in the law or facts since the submission of the issues to the Court.  In re Charter Commc'ns, Inc., Securities Litigation, 2004 WL 3826760, at *5 (E.D. Mo. Dec. 20, 2004).  No such grounds are present here.  Defendants' assertion that Plaintiff's suggestion at oral argument that he was perhaps injured by the box Defendant Newton was downstacking, and not by a second box, has no bearing on the issue of Plaintiff's motivation.  Accordingly, Defendants have failed to meet the criteria for reconsideration.

In any event, nothing submitted by Defendants persuades this Court to reconsider its prior decision.  The Court continues to believe that fact issues remain for the jury to determine, as the Court stated in its December 16, 2008 Memorandum and Order.  This is not a case in which Plaintiff improperly attempted post hoc to create genuine issues of fact by contradicting his own deposition testimony, as Defendants now assert.  Rather, that testimony apparently has always been part of the record in this case and, read in the light most favorable to Plaintiff, creates jury questions on the issues relevant to Plaintiff's claims.

Nonetheless, the Court will clarify its prior ruling in one respect within motion for reconsideration, Defendants state that the Court ruled in its December 19, 2008 Order as a matter of law that if Plaintiff were injured while attempting to rescue property only, Plaintiff would be barred from recovery.  But this was not the Court's intent in stating that fact issues on the matter remained for the jury, and that the rescue doctrine has viability in Missouri after the adoption of comparative fault, as set forth in Allison v.

Sverdrup & Parcel & Assocs., Inc., 738 S.W.2d 440, 454-55 (Mo. Ct. App. 1987) (holding that a jury cannot assess comparative fault against a rescuer of human life unless his conduct in attempting the rescue was rash or reckless). In light of the fact questions, it was unnecessary for the Court to reach this more narrow legal issue, and it did not do so in its December 16, 2008 Memorandum and Order. To alleviate any further confusion, however, the Court states that inasmuchas Plaintiff has reiterated that he is not seeking the benefit of the rescue doctrine, the Court believes that the highest state court in Missouri would hold that regular principals of comparative fault should apply to this case. Thus, if the jury were to find that one or both of the remaining Defendants were negligent, any negligence on Plaintiff's part would reduce, but not bar, recovery.

Accordingly,

**IS HEREBY ORDERED** that Defendants' motion for reconsideration is **DENIED**. [Doc. #90]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of January, 2009.