UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY D. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV556 AGF |
| | ) | |
| JAMES NEWTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter came before the Court[1] and a jury for trial. In accordance with the jury's verdict returned on January 30, 2009, judgment was entered that same date in favor of Defendants James Newton and MVT Services, LLC, and against Plaintiff Terry D. Thomas. Defendants A.O. Smith Corporation and Ryder Integrated Logistics, Inc., were previously granted summary judgment in a Memorandum and Order filed December 16, 2008. Defendants have now filed a bill of costs (Doc. #164) seeking recovery of their costs expended for fees of the clerk, deposition and transcription services, witness fees, and fees for exemplification and copying of papers necessarily obtained for use in the case. Plaintiff objects generally to the bill of costs and makes specific objections to certain of the requested fees. Defendants have replied to Plaintiff's opposition.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "costs – other than attorney's fees – should be allowed to the prevailing party." The term

---

[1] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

"costs" as used in Rule 54(d)(1) is defined in 28 U.S.C. § 1920[2] which enumerates the expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d). Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Not all expenses of litigation are costs taxable against the losing party, however, and within the statutory framework of costs eligible to be taxed, the Court has the discretion in determining and awarding costs in a given case. Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987). The burden is on the party seeking costs to establish the amount of compensable costs and expenses to which it is entitled. Allison v. Bank One-Denver, 289 F.3d 1223, 1248 (10th Cir. 2002).

Here, Defendants have submitted a bill of costs in the amount of $10,594.00, which includes costs in the amount of $850.00 for fees of the clerk; $7,771.35 for deposition expenses; $598.75 for witness fees; and $1,373.90 for copying expenses. Plaintiff objects generally to the bill arguing that Defendants are not prevailing parties in the cause. Plaintiff also makes specific objections to certain of Defendants' witness fees, and to the remainder

---

[2] 28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

of Defendants' requested costs in their entirety. The Court will address each of Plaintiff's objections in turn.

## I. Prevailing Party

Plaintiff argues that the jury's verdict in this cause does not render Defendants prevailing parties and thus that Defendants are not entitled to recover on their bill of costs. Inasmuch as Plaintiff raises no challenge to summary judgment being granted to Defendants A.O. Smith and Ryder, the Court will address Plaintiff's objection only in relation to the status of Defendants Newton and MVT as a result of the jury's verdict.

In this matter, relevant to Plaintiff's instant objection, Plaintiff brought this personal injury action in diversity alleging that Defendant Newton, a truck driver for and agent of Defendant MVT, was negligent during the process of unloading water heaters which he had delivered to Milford Supply, Plaintiff's employer. Specifically, Plaintiff alleged that Newton began to drop a water heater during the unloading process and that, as Plaintiff rushed to his aid, another water heater fell and struck Plaintiff on the head causing Plaintiff to fall and sustain injury. The matter was tried to a jury over five days, after which the jury returned a verdict assessing zero percentage fault to Plaintiff, and zero percentage fault to Defendants. (Doc. #162.) Inasmuch as Defendants were assessed no percentage of fault, damages were not awarded. Id. The Clerk of Court entered judgment on the jury's verdict that same date. (Doc. #163.)

Plaintiff argues that because the jury determined no party to be at fault, neither Plaintiff nor Defendants can be considered a "prevailing party." Plaintiff's argument is

misplaced. In a comparative fault action, it is well within the purview of the jury to assess zero percent fault to each party. Self v. Brunson, 213 S.W.3d 149, 154-55 (Mo. Ct. App. 2006). In such circumstances, the entry of judgment for the defendants is appropriate inasmuch as the plaintiff would have failed in his burden to prove that the defendants were negligent and that the plaintiff's injuries directly resulted from such negligence. See Hitt v. Martin, 872 S.W.2d 121, 123 (Mo. Ct. App. 1994). In an action at law, "the party in whose favor the verdict compels a judgment is the prevailing party." Ozias v. Haley, 125 S.W. 556, 557 (Mo. Ct. App. 1910); see also Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 905 (8th Cir. 2000) (defining "prevailing party" as "one 'in whose favor a judgment is rendered, regardless of the amount of damages awarded.'") (quoting Black's Law Dictionary 1145 (7th ed.1999) ).

Inasmuch as by the jury's verdict, Defendants Newton and MVT were determined not to be at fault, Plaintiff failed in his burden of proof in establishing said Defendants' negligence. Judgment was thereby compelled for Defendants Newton and MVT, rendering them as prevailing parties in the cause. As such, Plaintiff's general objection to Defendants' bill of costs fails.

The Court now turns to Plaintiff's specific objections to Defendants' bill.

## II. Fees of the Clerk

In their bill of costs, Defendants request that the fees of the clerk be assessed against Plaintiff. Such fees include a $350.00 filing fee and $500.00 in fees for *pro hac vice* attorney admissions. Plaintiff objects to these requested fees *in toto*.

A. Filing Fee

Defendants removed this cause of action from the Circuit Court of St. Louis County, Missouri, invoking this Court's original diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). Upon filing their Notice of Removal, Defendants incurred a statutory filing fee of $350.00. Plaintiff argues that Defendants should not be able to recover this fee inasmuch as the removal of the cause constituted merely a strategic decision by Defendants. Plaintiff's argument is without merit.

The fee of $350.00 for the filing of a removal action is a statutory cost recoverable as fees of the clerk. 28 U.S.C. §§ 1914(a) (clerk shall require parties instituting any civil action, "whether by original process, removal or otherwise," to pay a filing fee of $350); § 1920(1) (fees of the clerk recoverable as costs). Accordingly, the $350.00 filing fee shall be allowed.

B. Admissions *Pro Hac Vice*

Defendants seek to recover $500.00 in fees incurred through the *pro hac vice* admissions of five out-of-state attorneys. The weight of authority holds that such costs are not recoverable. See Halliburton Co. v. Ward, No. 06-45-C, 2007 WL 2702214, at *2 and n.2 (W.D. Ky. Sept. 12, 2007) (citing cases). The Court finds the reasoning of these cases persuasive. Accordingly, these costs shall not be awarded to Defendants.

### III. Deposition Costs

Defendants request that Plaintiff be taxed for deposition and transcription costs in the amount of $7,771.35. Plaintiff objects to these costs *in toto*.

Plaintiff first objects to costs associated with the depositions of Kimberly Foerstel, Jack Milford, Pete Duchinsky, Clarence Ponzar, Timothy Lalk, Defendant James Newton, Leroy Grossman, Plaintiff Terry Thomas, Dr. Daniel Riew, Dr. Gurpreet Padda, and Dr. Barry Sampson, arguing that said depositions were not necessary, as demonstrated by the deponents' live testimony and/or the limited or lack of use of their depositions at trial.

Section 1920(2) allows as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" Under this section, a court has discretion to award deposition costs if the deposition was "necessarily obtained for use in a case and was not purely investigative," even if the deposition was not introduced at a trial. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (citation omitted). The determination of whether a deposition was necessary "must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." Id. (quoted case omitted). The losing party bears the burden of making specific objections that demonstrate that a particular deposition was unnecessarily taken. Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (E.D. Mo. 1984); Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982).

In this cause, excerpts of the depositions of Milford, Ponzar, Defendant Newton, and Plaintiff Thomas were submitted as exhibits in relation to Defendants' summary judgment motion and were reviewed by the Court in making its determination. In addition, Defendants designated excerpts of all of these challenged depositions in their pretrial compliance, specifically stating that such excerpts may be offered into evidence at the trial of the cause.

Although Plaintiff does not specifically detail which, if any, depositions were not used at trial, even if intervening developments rendered the depositions unnecessary at trial, it does not necessarily follow that the depositions were unnecessarily taken.[3] In addition, the undersigned notes that the challenged depositions include those of Plaintiff, Defendant Newton, and Plaintiff's designated experts. It cannot reasonably be said in the circumstances of this case that these depositions were unnecessarily taken. Accordingly, the costs of said depositions shall be allowed.

Plaintiff also challenges the costs associated with the depositions of Plaintiff Thomas, Dr. Sampson, and Jamie Bradley, arguing that Defendants should not be permitted to recover deposition fees for both stenographic transcription and video costs. A review of 28 U.S.C. § 1920(2) supports Plaintiff's position. In October 2008, § 1920(2) was amended to permit taxable costs for "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case[.]" (emphasis added).[4] In light of the use of the disjunctive in this

---

[3] The undersigned notes that other courts have allowed recovery of such costs when the deponent appeared on a witness list for trial or actually testified. See, e.g., Karsian v. Inter Reg'l Fin. Group, Inc., 13 F. Supp. 2d 1085, 1088 (D. Col. 1998) (adopting test for taxable deposition costs that includes costs of transcripts of individuals who did not testify at trial but whose names appeared on pretrial order as well as one of parties' final witness lists); Ortega v. IBP, Inc., 883 F. Supp. 558, 561 (D. Kan. 1995) (denying defendant's objection to taxing cost of deposition of deponent who appeared on plaintiff's witness list). Indeed, as observed in Karsian, when a deponent either testifies at trial or is listed on a witness list, the cost of a deposition transcript is reasonably necessary for trial preparation. 13 F. Supp. 2d at 1088.

[4] Prior to this amendment, § 1920(2) permitted taxable costs to include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"

amended language, the undersigned determines costs to be taxable for either stenographic transcription or video-recording of depositions, but not both. See United States v. Smith, 35 F.3d 344, 346 (8th Cir. 1994) ("The ordinary usage of the word 'or' is disjunctive, indicating an alternative. Construing the word 'or' to mean 'and' is conjunctive, and is clearly in contravention of its ordinary usage."); see also Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979) (in construing statute, courts are obliged to give effect, if possible, to every word Congress used, including "or").[5]

At trial, Defendants introduced and presented Bradley's video deposition. No other video depositions were presented.

In light of the circumstances of this case, the undersigned will allow the cost for the video-recorded deposition of Bradley, but not the cost for the stenographic transcript. Inasmuch as Defendants have failed to demonstrate that the video-recordings of Thomas's and Sampson's depositions were necessarily obtained for use in the case, the Court will not allow such costs, but will allow the costs for the stenographic transcripts for the reasons discussed above.

Finally, Plaintiff objects to the costs incurred in relation to the depositions of Plaintiff Thomas and Dr. Padda, arguing that said depositions were "inordinately and unnecessarily long" due to "repetitive and unnecessary questioning." (Pl.'s Mem. in Support of Objection,

---

[5]Although Defendants argue that various circuit courts permit the taxing of both methods, Defendants cite to only Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 669 (7th Cir. 2008) (*per curiam*), to support their position. The undersigned notes, however, that Little was decided in January 2008, before the relevant language to § 1920(2) was amended.

Doc. #167 at 3.) Other than this bald assertion, Plaintiff presents no evidence specifically demonstrating the unnecessary extent to which these depositions were conducted. The costs of the Thomas and Padda depositions will be allowed.

Accordingly, for the foregoing reasons, the following deposition costs shall be disallowed: video cost for Thomas deposition, $1,453.00; video cost for Samson deposition, $438.00; and transcription cost for Bradley deposition, $252.25. All other depositions costs shall be allowed.

## IV. Witness Fees

Defendants request that Plaintiff be taxed for witness fees in the amount of $598.75. Plaintiff objects to certain of these fees.

Plaintiff first challenges those fees associated with subpoenaing witnesses Foerstel, Ponzar, Duchinsky, and Milford, arguing that Defendants unnecessarily expended such fees inasmuch as Plaintiff listed these individuals as witnesses whom he would call to testify at trial. Defendants contend that they were prudent in subpoenaing these witnesses despite Plaintiff's representation, so as to assure their presence at trial. A review of the record shows that these witnesses testified at trial in Plaintiff's case in chief. (See Doc. #159.)

"A district court may award witness fees if it determines that the witness's testimony 'was crucial to the issues decided and the expenditures were necessary to the litigation.'" Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006) (quoting Neb. Pub. Power Dist. v. Austin Power, Inc., 773 F.2d 960, 975 (8th Cir. 1985)). Here, the parties do not dispute that the witnesses' testimony was crucial to the issues decided. The fact that

Plaintiff subpoenaed these witnesses died not make it unreasonable and unnecessary for Defendants to subpoena them a swell, to assure their availability even if Plaintiff ultimately determined not to use them at trial. See Aguirre v. Turner Const. Co., No. 05 C 0515, 2008 WL 4790392, at *3 (N.D. Ill. Oct. 27, 2008). Accordingly, Defendants' costs associated with securing witnesses Foerstel, Ponzar, Duchinsky, and Milford will be allowed.

Plaintiff also challenges the witness fee for Dr. Padda, and specifically, the requested fee of $120.00 representing three days of deposition at $40.00 per day. Plaintiff argues that the three-day time frame to depose Dr. Padda was unnecessary and that Plaintiff should not be taxed for such unnecessary costs. In response, Defendants contend that Dr. Padda's own scheduling requirements necessitated that the deposition take place over three days. Plaintiff has not replied to this argument. A review of Defendants' contention shows it to be well taken. See 28 U.S.C. § 1821(a)(1), (b). Accordingly, witness fees in the statutory amount of $40.00 per day for each of the three days required for Dr. Padda's deposition shall be allowed.

## V.  Fees for Exemplification and Copies

Defendants request that Plaintiff be taxed for costs associated with the exemplification and copies of papers necessarily obtained for use in the case, totaling $1,373.90. Plaintiff objects to such costs to the extent they represent costs to obtain copies of Plaintiff's medical records and workers' compensation files. Specifically, Plaintiff contends that he should not be required to bear such costs inasmuch as he had already provided these records to Defendants' counsel. In response, Defendants aver that the records provided by Plaintiff

were incomplete, too remote in time, and were not properly authenticated for purposes of admission, thereby necessitating expenditures associated with obtaining complete, relevant, and admissible records. Plaintiff has not replied to this argument. A review of Defendants' argument shows it to be well taken. Accordingly, Defendants' requested fees for exemplification and copies of papers necessarily obtained for use in the case shall be allowed in their entirety.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the requested fees set out in Defendants' bill of costs (Doc. #164) shall be allowed in part and disallowed in part in accordance with the findings set out herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs against Plaintiff and in favor of Defendants in this cause:

| | |
|---|---|
| Fees of the Clerk: | $   350.00 |
| Deposition Expenses: | $5,628.10 |
| Witness Fees: | $   598.75 |
| Fees for Exemplification and copies: | $1,373.90 |
| **TOTAL:** | **$7950.75.** |

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of June, 2009.